NOT DESIGNATED FOR PUBLICATION

Nos. 126,495
126,496

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PARISH LEAMON LABROI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL L. KRIER, judge. Submitted without oral argument. Opinion filed August 2, 2024. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM:  For the first time on appeal, Defendant Parish Leamon Labroi challenges his criminal history score and the resulting sentence he received in the Sedgwick County District Court on a conviction for felony criminal threat. He contends three past convictions from Wichita Municipal Court were mistakenly aggregated into a person felony in his criminal history. Based on the procedure for review of a defendant's criminal history outlined in K.S.A. 21-6814, the appellate record establishes that the presentence investigation report correctly attributed the misdemeanor convictions to

1

Labroi, but the pertinent municipal court case was incorrectly identified as Wichita Municipal Court No. 20 DV 1348 rather than No. 21 DV 1348. In short, the presentence report contained a typographical error in the case number. We, therefore, affirm the district court's determination of Labroi's criminal history and the resulting sentence.

Labroi pleaded no contest to possession of cocaine in one district court case and no contest to criminal threat in a second case in a joint hearing. The district court later imposed a 42-month sentence on the drug conviction consecutive with a 17-month sentence on the criminal threat conviction and placed Labroi on probation for 12 months. Labroi has appealed both cases, and we have consolidated the appeals for disposition.

At the sentencing hearing, Labroi did not dispute his criminal history as outlined in the presentence report, entailing 48 entries spanning about 13 years. Among the entries were nine misdemeanors that were converted to the equivalent of three person felonies for criminal history purposes. See K.S.A. 21-6811(a) (three convictions for class A or class B person misdemeanors converted to person felony conviction in determining criminal history). Three of Labroi's misdemeanors were from the one Wichita Municipal Court case.

Consistent with the procedure in K.S.A. 21-6814(d), Labroi placed the Wichita Municipal Court docket entry for 20 DV 1348 in the appellate record, corresponding to the case number shown in the presentence report. The docket entry identifies a different defendant and shows a plea to one amended charge that does not correspond to the convictions listed in the presentence report. Based on the municipal court record, Labroi argues that the district court improperly included the three misdemeanor convictions in his criminal history as an aggregated person felony. In turn, he says his criminal history score for the criminal threat conviction was too high and the resulting presumptive sentence under the guidelines overstated. (Labroi has not challenged his sentence for the cocaine conviction because the criminal threat conviction, a person felony, was correctly

2

scored as part of his criminal history for the drug crime, making the three municipal court convictions superfluous for that purpose.)

Again consistent with K.S.A. 21-6814(d), the State has filed a response on appeal that includes the Wichita Municipal Court docket entry for 21 DV 1348. The docket sheet identifies Labroi by name and includes a date of birth and a partial Social Security number corresponding to that information for Labroi in the district court records. The convictions on the docket sheet also correspond to the convictions listed in the presentence report. Labroi's lawyer has not filed a reply brief disputing the State's argument for affirming the district court or more particularly the accuracy of the municipal court record for 21 DV 1348. Under the circumstances, Labroi has failed to show a "prejudicial error" as required for relief under K.S.A. 21-6814(d). That means the district court correctly sentenced Labroi.

Affirmed.